IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIAMI VALLEY FAIR HOUSING      :
CENTER, INC.
                               :   Case No. 3:10-cv-83
           Plaintiff,
                               :
    vs.
                               :   JUDGE WALTER HERBERT RICE
THE CONNOR GROUP, et al.,
                               :
           Defendants

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S SECOND MOTION TO SUPPLEMENT ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT THE CONNOR GROUP AS TO LIABILITY (DOC. #25); PLAINTIFF TO FILE ANITA SCHMALTZ'S AFFIDAVIT WITHIN 7 DAYS OF THE DATE OF THIS ORDER, AND DEFENDANT TO FILE ITS MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITHIN 14 DAYS THEREAFTER

---

Plaintiff, Miami Valley Fair Housing Center, Inc. ("MVFHC"), filed suit against The Connor Group (and two other individuals who have since been dismissed), alleging that Defendant's advertising policies and practices, as related to familial status and sex, violate federal and state laws governing fair housing. Plaintiff has filed a Motion for Partial Summary Judgment As To Liability (Doc. #12), contending that the advertisements at issue are facially discriminatory. On January 26, 2011, Plaintiff filed a Motion to Supplement Its Motion for Summary Judgment (Doc. #13). On January 31, 2011, the Court sustained that motion and Plaintiff subsequently filed Jim McCarthy's affidavit with attached exhibits (Doc. #17).

This matter is currently before the Court on Plaintiff's Second Motion to Supplement Its Motion for Summary Judgment (Doc. #25).[1] Plaintiff now seeks to include the affidavit of Anita Schmaltz, MVFHC's Enforcement Coordinator, along with an attached exhibit containing her summary of recently discovered headlines posted by Defendant on Craigslist between November 4, 2009 and February 7, 2010. These "headlines" are the first items seen by a person searching for an apartment on Craigslist. Clicking on the headline opens up the full advertisement.

Defendant admits that the evidence Plaintiff seeks to add to the record is relevant, but argues that it is inadmissible because: (1) Ms. Schmaltz's affidavit does not contain an affirmative statement indicating that it is based on her personal knowledge; (2) the attachment to the affidavit is not properly authenticated and is based on hearsay; and (3) Ms. Schmaltz's opinion that the headlines listed "show a preference for or against a protected class in violation of the fair housing laws," (Schmaltz Aff. ¶ 11), is inadmissible. Defendant argues that the relevant standard is whether an "ordinary reader" would read the ad as expressing an illegal preference, *see Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*, 943 F.2d 644, 646 (6th Cir. 1991), and that Ms. Schmaltz is more knowledgeable than the ordinary reader.

---

[1] Defendant has not yet filed its Memorandum in Opposition to the Motion for Partial Summary Judgment.

Each of these objections is unfounded. First, although Federal Rule of Civil Procedure 56(c)(4) requires that an affidavit be "made on personal knowledge," it does not require an affirmative statement to that effect. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005); *Smartt v. Clifton*, No. C-3-96-389, 1997 WL 1774874, at *3 (S.D. Ohio Feb. 10, 1997) (holding that affidavit "need not necessarily contain an introductory paragraph . . . which asserts such personal knowledge"). Ms. Schmaltz, in her capacity as Enforcement Coordinator for MVFHC, has personal knowledge of how Craigslist ads are posted and accessed. She also has personal knowledge about how the search for the headlines was conducted.

Second, the attachment at issue is properly authenticated and is not hearsay. As Schmaltz explains in her affidavit, the attachment consists of a summary of various "headlines," or "posting titles," along with the date they appeared on Craigslist, and their unique identifying numbers. She created this attachment based on information she received from Vestige, Ltd., a third party hired to perform a search of hard drives provided by The Connor Group during discovery. As further proof of authentication, Plaintiff has also submitted, as an attachment to its Reply brief, the affidavit of Paul Webel, the Vestige employee who conducted the electronic search of the hard drives. The Court rejects Defendant's claim that the "headlines" are inadmissible hearsay. They are not offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Rather,

3

Plaintiff seeks to show only that the statements were made.[2]

Finally, Defendant's concerns about whether Ms. Schmaltz is an appropriate person to decide whether the advertisements violate fair housing laws can be addressed in its Memorandum in Opposition to the Motion for Partial Summary Judgment, and/or by a motion to strike all or a portion of the affidavit. This issue has no effect on the filing of her affidavit or the attachment.

The Court therefore SUSTAINS Plaintiff's Second Motion to Supplement Its Motion for Partial Summary Judgment (Doc. #25). Plaintiff shall file Ms. Schmaltz's affidavit and the attachment within 7 days of the date of this Order. Defendant shall have 14 days from the date of that filing to file its Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment.

May 3, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[2] The Court also rejects Defendant's argument that Schmaltz's summary is misleading because it contains only those headlines that are beneficial to Plaintiff's case. Schmaltz clearly states that she has incorporated into her list only those headlines that she believes violate the fair housing laws. Schmaltz Aff. ¶ 11.