IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIAMI VALLEY FAIR HOUSING : 
CENTER, INC.,

      Plaintiff,

                              :    Case No. 3:10-cv-83

v.                                          JUDGE WALTER H. RICE

THE CONNOR GROUP,

      Defendant.                       :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND RULE 59 MOTION (DOC. #160); OVERRULING AS
MOOT PLAINTIFF'S MOTION FOR PARTIAL NEW TRIAL PURSUANT
TO RULE 59 (DOC. #154) AND DEFENDANT'S MOTION TO STRIKE
(DOC. #159); PLAINTIFF TO FILE AMENDED MOTION WITHIN SEVEN
DAYS; RESPONSE AND REPLY BRIEFS TO BE FILED WITHIN THE
TIME ALLOTTED BY THE LOCAL RULES

---

This matter is currently before the Court on three pending motions: (1) Plaintiff's Motion for Partial New Trial Pursuant to Rule 59 (Doc. #154); (2) Defendant's Motion to Strike (Doc. #159); and (3) Plaintiff's Motion for Leave to Amend Rule 59 Motion (Doc. #160). For the reasons set forth below, the Court SUSTAIN Plaintiff's Motion for Leave to Amend, and OVERRULES the other two motions AS MOOT.

## I. Background and Procedural History

Plaintiff, Miami Valley Fair Housing Center, Inc. ("MVFHC"), filed suit against Defendant, The Connor Group, alleging that an advertisement placed by Defendant on Craigslist violated the Fair Housing Act, 42 U.S.C. § 3604(c), and Ohio's fair housing law, O.R.C. § 4112.02(H), because it indicated a preference, limitation, specification or discrimination based on sex and familial status. The advertisement stated that "[o]ur one bedroom apartments are a great bachelor pad for any single man looking to hook up." MVFHC sought to recover damages for resources it expended in investigating and attempting to combat the effects of the allegedly illegal advertisement.

In August of 2011, a jury returned a verdict in favor of The Conner Group, finding that the advertisement at issue did not violate federal or state fair housing laws. MVFHC appealed the Court's order overruling MVFHC's motion for a directed verdict and motion for a new trial. The Sixth Circuit affirmed the denial of the motion for a directed verdict, but reversed the denial of the motion for a new trial. *Miami Valley Fair Housing Center, Inc. v. The Connor Group*, 725 F.3d 571 (6th Cir. 2013).

On remand, a second jury again returned a verdict in favor of The Connor Group. This time, according to the special interrogatories, the jury found that the advertisement *did* violate federal and state housing laws, but that MVFHC did not satisfy its burden of proving that the violation was a direct and proximate cause of

2

the harm allegedly suffered by MVFHC. Accordingly, the jury did not reach the issue of damages.

On June 2, 2014, MVFHC filed a Motion for Partial New Trial Pursuant to Rule 59, Doc. #154, arguing that the jury's finding on causation was contrary to law and against the weight of the evidence presented at trial. MVFHC argued that there was no reason to retry the issue of whether the advertisement was illegal. It sought a partial new trial solely on the issues of causation and damages.

The Connor Group then filed its Memorandum in Opposition to Plaintiff's Motion for Partial New Trial, Doc. #157, arguing that a new trial would be improper because the jury reasonably could have concluded that MVFHC's alleged damages were not proximately caused by this one advertisement, that MVFHC did not prove that it had sustained any damages, or that MVFHC's witnesses were not credible on these issues. The Connor Group also argued that, even if the Court finds that the jury's verdict was against the weight of the evidence, it would be inappropriate and unjust to grant a new trial limited solely to the issues of causation and damages.

In its reply brief, Doc. #158, MVFHC shifted its position, arguing, for the first time, that the Court committed plain error in imposing a proximate cause requirement at all. Citing *Alexander v. Riga*, 208 F.3d 419 (3d Cir. 2001), MVFHC now argues that, in order to prevail, it needed only to prove that The Connor Group violated the fair housing laws. It therefore asks the Court to enter judgment in its favor, award attorney fees, and set a new trial limited solely to the question of

damages. In its reply brief, MVFHC also expounds on its argument that the jury's verdict on proximate cause is against the manifest weight of the evidence, and on the legal standard for granting a partial new trial.

The Connor Group responded by filing a motion to strike a significant portion of MVFHC's reply brief. Doc. #159. It notes that courts typically do not consider new arguments raised for the first time in a reply brief because the opposing party is deprived of the opportunity to respond. According to The Connor Group, MVFHC has waived these new arguments. The Connor Group also urges the Court to ignore new testimony cited for the first time by MVFHC in its reply brief. In the alternative, The Connor Group seeks leave to file a sur-reply addressing the new arguments and new evidence.

MVFHC then filed a memorandum in opposition to The Connor Group's Motion to Strike, along with a Motion for Leave to Amend Rule 59 Motion. Doc. #160. Citing *Davis v. Jellico Community Hospital, Inc.*, 912 F.2d 129, 134 (6th Cir. 1990), and *Pogue v. International Industries, Inc.*, 524 F.2d 342, 344 (6th Cir. 1975), MVFHC urges the Court to exercise its discretion to permit it to amend its Rule 59 motion to add the new arguments raised in the reply brief, thereby rendering moot The Connor Group's Motion to Strike. In the alternative, MVFHC asks the Court to deny the Motion to Strike on the merits, allow The Connor Group to file a sur-reply to respond to any new arguments raised.

The Connor Group, however, urges the Court to grant its Motion to Strike, and to deny MVFHC's Motion for Leave to Amend. It argues that MVFHC should

4

not be allowed a "do-over" to raise new arguments that MVFHC now believes are more meritorious than those originally asserted. Doc. #161. In the alternative, The Connor Group asks for the opportunity to fully respond to the new arguments raised by MVFHC.

## II.  Motion for Leave to Amend Motion for Partial New Trial

Federal Rule of Civil Procedure 59(b) requires a motion for a new trial to be filed "no later than 28 days after the entry of judgment." It is undisputed that MVFHC's initial Motion for Partial New Trial, Doc. #154, was timely filed. At issue is whether MVFHC should be permitted to amend that motion after the deadline to raise any new arguments.

The Sixth Circuit has held that "a district court may in its discretion consider the issues raised in the amended motion for a new trial even though it was not filed within the time provided for by the rule where, as here, the original motion for a new trial was [timely] filed . . . " *Pogue*, 524 F.2d at 344. *See also Davis*, 912 F.2d at 134-35 (relying on *Pogue*). Likewise, the Ninth Circuit has held that such amendments are proper. *Roy v. Volkswagenwerk Aktiengesellschaft*, 781 F.2d 670, 670-71 (9th Cir. 1985).

The Connor Group acknowledges the Sixth Circuit's holdings in *Pogue* and *Davis*. It notes, however, that neither case expressly considers the impact of Federal Rule of Civil Procedure 6(b), which strictly prohibits the court from extending the time to act under Federal Rule of Civil Procedure 59(b). Courts

outside the Sixth Circuit have held that allowing a party to present its arguments in a piece-meal fashion, raising additional grounds for a new trial after the time allotted by the rule, "effectively eviscerate[s]" Rule 6(b). *Merida v. Holiday Inn, Inc.*, Civ. A. No. 89-2262, 1993 WL 439791, at *4 n.4 (D.D.C. Oct. 19, 1993). *See also Padco, Inc. v. Newell Companies, Inc.*, No. 85-C-1325, 1988 WL 187504, at *4 (E.D. Wis. July 27, 1988) ("The strict deadline for filing cannot be said to remain strict when the movant knows that the motion may be amended in the future").

Nevertheless, the Sixth Circuit is presumed to have been aware of the existence of Rule 6(b) when it held that a district court has discretionary authority to consider arguments raised in an amended motion for a new trial filed after the 28-day deadline. In the Court's view, such discretion is appropriately exercised in this case. The parties and the Court have already expended a great deal of time and effort in litigating this case. It has already been tried to a jury twice. There has already been one appeal, and another is likely.

Although the Court has not yet made a definitive decision, it is inclined to conclude that the second jury's finding on the question of proximate cause is against the weight of the evidence. This would likely lead to yet a third trial. Although the proper scope of that third trial has yet to be determined, the threshold question, of course, is whether proximate cause is an essential element of MVFHC's claim. In the Court's view, it is far preferable to have the parties fully brief this issue now instead of in the context of a second appeal. Accordingly,

6

MVFHC is granted leave to file the Amended Motion for Partial New Trial Pursuant to Rule 59, which is attached as Exhibit 1 to the Motion for Leave to Amend. Doc. #160-1.

### III. Conclusion

For the reasons stated above, the Court SUSTAINS Plaintiff's Motion for Leave to Amend Rule 59 Motion (Doc. #160). Plaintiff shall file the amended motion within seven (7) days of the date of this Decision and Entry. Response briefs and reply briefs shall be filed within the time allotted by the local rules.

The Court OVERRULES AS MOOT Plaintiff's Motion for Partial New Trial Pursuant to Rule 59 (Doc. #154), and Defendant's Motion to Strike (Doc. #159).


Date: October 22, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE