IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIAMI VALLEY FAIR HOUSING
CENTER, INC.,

    Plaintiff,

v.

THE CONNOR GROUP, et al.,

    Defendants.

Case No. 3:10-cv-83

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR
DECLARATORY JUDGMENT AND PERMANENT INJUNCTION (DOC.
#184)

---

This matter is currently before the Court on Plaintiff's Motion for Declaratory Judgment and Permanent Injunction. Doc. #184. For the reasons stated below, that motion is overruled in its entirety.

I.    **Background and Procedural History**

Plaintiff, Miami Valley Fair Housing Center, Inc., brought suit against The Connor Group, alleging that an advertisement that The Connor Group posted on Craigslist discriminated on the basis of sex and familial status, in violation of federal and state fair housing laws. At the first trial, held in August of 2011, the jury found that the advertisement at issue was not discriminatory. Judgment was therefore entered in favor of The Connor Group. The Court denied Plaintiff's

motion for a new trial, Plaintiff appealed, and the Sixth Circuit reversed that ruling and remanded the case for retrial.

The second trial was held in May of 2014. This time, the jury found that the advertisement in question did discriminate on the basis of sex and familial status. However, the jury also found that Plaintiff had failed to prove that the posting of the advertisement was the proximate cause of any of the damages claimed. Therefore, judgment was again entered in favor of The Connor Group. Doc. #153. Because the jury's verdict on the proximate cause element was against the weight of the evidence, the Court sustained Plaintiff's Amended Motion for a Partial New Trial. Doc. #174. That trial is scheduled to begin on January 14, 2016, on the limited issues of proximate cause and damages.

On November 10, 2015, Plaintiff filed a Motion for Declaratory Judgment and Permanent Injunction. Doc. #184. That motion is now fully briefed and ripe for decision.

## II. Declaratory Judgment

Plaintiff points out that, although the second jury found that The Connor Group's conduct violated federal and state fair housing laws, the Judgment entered on May 16, 2014, Doc. #153, does not reflect this finding. Because the jury concluded that Plaintiff failed to prove that the posting of the advertisement was the proximate cause of the damages claimed by Plaintiff, the Court entered Judgment in favor of The Connor Group. Pursuant to 28 U.S.C. § 2201(a), Plaintiff

2

now asks the Court to enter a declaratory judgment to correct the record to accurately reflect the jury's finding that the posting of the advertisement violated 42 U.S.C. § 3604(c) and Ohio Revised Code § 4112.02(H).[1]

The Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The Court fully understands Plaintiff's concern that the Judgment entered in favor of The Connor Group does not reflect the jury's finding that the advertisement at issue violated federal and state fair housing laws. Nevertheless, the Court lacks jurisdiction to grant the requested declaratory judgment at this stage of the litigation. In order for a court to grant declaratory relief, a justiciable case or controversy must exist at the time the court issues the declaratory judgment. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969).

At this point, there is no longer a justiciable case or controversy with respect to the question of whether the advertisement in question discriminates on the basis of sex or familial status. The jury has already fully resolved that issue,

---

[1] Plaintiff notes that, once a court finds that a discriminatory housing practice has occurred, it has broad discretion, under 42 U.S.C. § 3613(c), to grant appropriate relief.

and there are no outstanding uncertainties, rendering Plaintiff's request moot. The Court therefore OVERRULES Plaintiff's Motion for Declaratory Judgment.[2]

This does not mean that Plaintiff is left without a remedy. The Court agrees that the record should accurately reflect the jury's finding that The Connor Group's posting of the advertisement violated federal and state fair housing laws.[3] Regardless of the outcome of the upcoming trial, a new, final Judgment will be entered. If Plaintiff prevails on the issues of proximate cause and damages, the new Judgment in Plaintiff's favor will reflect the fact that the jury found that the advertisement was discriminatory. However, if Plaintiff does not prevail on these issues, and final Judgment is again entered in favor of The Connor Group, the Court will include a statement indicating that the jury found that the advertisement in question violated federal and state fair housing laws.

---

[2] Having overruled Plaintiff's motion on jurisdictional grounds, the Court need not address the other arguments raised by the parties. Nevertheless, the Court agrees with Defendant that Plaintiff's motion is more properly characterized as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Because it was filed more than 28 days after the entry of the judgment, it is untimely.

[3] Plaintiff notes that there are collateral consequences for a defendant who has been found in violation of fair housing laws. For example, such a finding affects entitlement to federal mortgage loans and insurance under 12 U.S.C. § 1708, and qualification for certain real estate licenses under Ohio Revised Code §§ 4735.07 and 4735.09, and subjects the defendant to increased penalties for future violations of fair housing laws under 42 U.S.C. § 3612 and Ohio Revised Code § 4112.05(G).

## III. Permanent Injunction

The Fair Housing Act authorizes a court to grant injunctive relief to remedy a discriminatory housing practice. 42 U.S.C. § 3613(c)(1). In light of the jury's previous finding that the advertisement posted by The Connor Group was discriminatory, and in order to secure future compliance with fair housing laws, Plaintiff now seeks a permanent injunction in the form of an Order requiring that The Connor Group:

- Refrain from using the word "single" in any advertisement in any manner designed to target single people to rent or buy certain property;

- Refrain from using the word "man" in any advertisement in any manner designed to target males to rent or buy certain property;

- Comply with Ohio R.C. § 4735 by having an Ohio licensed broker supervise its advertising;

- Utilize the equal housing opportunity logo on its website and in its written advertisements for housing, including but not limited to ads on electronic media such as Craigslist;

- Require all of their agents and employees in Ohio to receive a minimum of three hours of training in fair housing laws per year for the next five years and that all such training be provided by Miami Valley at The Connor Group's cost with the cost being at the average price Miami Valley typically charges for such training to others; and

- Cooperate with Miami Valley's monitoring of The Connor Group's advertising for compliance with Federal and State Fair Housing Laws for the next three years at a cost to The Connor Group not to exceed $3,000 per year.

To obtain a permanent injunction, a plaintiff must show that: (1) it has suffered an irreparable injury; (2) the remedies available at law are inadequate to compensate for the injury; (3) considering the balance of hardships between the

plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Both parties have extensively briefed the merits of Plaintiff's request for a permanent injunction. However, the threshold issue is whether Plaintiff waived its claim for injunctive relief by failing to include it in the previous Final Pretrial Orders, Docs. #82, 123.

In the Complaint, Plaintiff requested that the Court "[o]rder the Defendants to revise their advertising policies and practices as related to familial status and sex, so as to comply with the requirements of Federal and State Law," to "[m]andate that the Defendants and all of their agents and employees receive training in fair housing laws and that MVFHC monitor the property for compliance with Federal and State Housing Laws for the next three years," and to [g]rant such additional . . . equitable relief as the Court deems just." Doc. #1, PageID##5-6.

Nevertheless, neither previous Final Pretrial Order included any mention of Plaintiff's request for injunctive relief. Requested remedies included only claims for compensatory damages, punitive damages, and attorney fees. *See* Doc. #82, PageID#4272-73, and Doc. #123, PageID#5401-02. In fact, as Defendant notes, Plaintiff made no mention of a request for injunctive relief until the jury returned its verdict following the second trial. At that point, Plaintiff's counsel made an oral request that the Court award nominal damages, and issue declaratory and injunctive relief as requested in the Complaint. Trial Tr. at 434, 438. The Court

6

denied that request, specifically stating that injunctive relief was not warranted, because there was no evidence in the record supporting a finding that The Connor Group was currently doing anything in violation of the fair housing laws. *Id.* at 446-47, 459.

Plaintiff made no further mention of a request for injunctive relief until November 10, 2015, when it filed the pending motion. This was more than eight months after the Court granted Plaintiff's Amended Motion for Partial New Trial, Doc. #174, and just two months before the scheduled January 14, 2016, trial date. Plaintiff has included its request for injunctive relief in the latest Proposed Joint Final Pretrial Order, submitted on December 28, 2015. Doc. #219. Defendant, however, argues that the request is untimely, because Plaintiff has already waived its claim for injunctive relief. Defendant further argues that it would suffer undue prejudice if Plaintiff were permitted to pursue that claim at this stage of the litigation.

Plaintiff maintains that, because claims for injunctive relief are equitable in nature and are not tried to the jury, they need not be included in the Final Pretrial Order. The Court disagrees. The Supreme Court has held that a final pretrial order supersedes all prior pleadings and controls the subsequent course of the action. *Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 474 (2007). Accordingly, if a request for injunctive relief is not included in the final pretrial order, it is ordinarily deemed to be waived. *Id.* (citing *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)). *See also Alexander v. Riga*, 208 F.3d 419, 434 (3d Cir. 2000) (holding

that plaintiffs who sought injunctive relief in their complaint, but failed to raise the issue again until six days after the jury rendered a verdict, waived the claim).

The Court concludes that Plaintiff waived its claim for injunctive relief by failing to include it in the previous Final Pretrial Orders.  As Plaintiff notes, the Court does have discretion to modify a final pretrial order "to prevent manifest injustice." Fed. R. Civ. P. 16(e).  Factors to be considered include: "(1) prejudice to the plaintiffs that would result from a failure to modify, (2) prejudice to the defendant that would result from a modification, (3) the impact of a modification on the orderly and efficient conduct of the case, and (4) the degree of willfulness, bad faith, or inexcusable neglect by plaintiffs." *Doherty v. City of Maryville*, No. 3:07-cv-157, 2009 WL 2823670, at *2 (E.D. Tenn. Aug. 28, 2009) (citing *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981)).

The party seeking the modification bears the burden of proving that it is justified. *Meyer v. McNicholas*, No. 2:07-cv-1253, 2009 WL 2524572, at *2 (S.D. Ohio Aug. 14, 2009).  Plaintiff has not established that modifying the previous Final Pretrial Orders to include a claim for injunctive relief is necessary to prevent manifest injustice.

True, if the Court refuses to modify those Orders, Plaintiff will be prejudiced in that it will be deemed to have waived its claim for permanent injunctive relief. However, manifest injustice "does not result for the purposes of Rule 16 merely because a party fails to include a known claim or witness in a pretrial order." *Bridges v. Enterprise Prods. Co., Inc.*, 551 F. Supp.2d 549, 555 (S.D. Miss. 2008).

8

Although Plaintiff will not be permitted to pursue its claim for injunctive relief, legal remedies are still available, and those will likely act to deter future violations.

Any prejudice to Plaintiff is greatly outweighed by the prejudice that Defendant would suffer if the Court permitted Plaintiff to pursue its claim for injunctive relief at this late stage of the litigation. Defendant maintains that, if it had known that it was defending against a claim for broad injunctive relief, it would have presented different and additional evidence directed to the elements of that claim. Because the claim was not included in the Final Pretrial Orders, Defendant was justified in believing that it had been waived. *See Peterson v. Bell Helicopter Textron, Inc.*, 806 F.3d 335, 341 (5th Cir. 2015) (holding that plaintiff's post-judgment request for injunctive relief severely prejudiced defendant, who was not given any opportunity to defend against the claim).

Notably, when Plaintiff orally requested injunctive relief after the jury returned its verdict at the second trial, the Court specifically stated that injunctive relief was not warranted, because there was no evidence in the record supporting a finding that The Connor Group was currently doing anything in violation of the fair housing laws. Trial Tr. at 459.

The depositions and the affidavit that Plaintiff has submitted in support of its Motion for Injunctive Relief concern The Connor Group's conduct in 2009 and 2010. Plaintiff correctly notes that past misconduct is relevant in determining whether a permanent injunction is needed to prevent future violations. However, in this case, because more than six years have now passed since the violations

occurred, permanent injunctive relief would not be warranted without additional evidence that The Connor Group has made no changes to its advertising practices and fair housing training efforts since those violations occurred.

Plaintiff suggests that, if the Court believes that additional evidence is needed, it could simply order a separate evidentiary hearing on the claim for injunctive relief. This, however, would be detrimental to the orderly and efficient conduct of this case. The Complaint in this case was filed almost six years ago. The case has already been tried twice, and been appealed once. A partial new trial, limited to the issues of proximate cause and damages is set to begin in less than two weeks, and counsel for Defendant is, no doubt, devoting a great deal of time and effort to trial preparation. The time for closure has come. It is unfair to require Defendant's counsel to simultaneously prepare for trial and for a separate evidentiary hearing on a claim that Plaintiff did not pursue in earnest until two months ago.

Although there is no evidence that Plaintiff acted willfully or in bad faith in failing to include the claim for injunctive relief in the previous Final Pretrial Orders, Plaintiff has not explained why it neglected to pursue this claim at all until after the second jury rendered a verdict in favor of Defendant.

The Court concludes that Plaintiff waived its claim for injunctive relief by failing to include it in the previous Final Pretrial Orders. Moreover, it has failed to establish that modification of those Final Pretrial Orders is needed to prevent manifest injustice.

Even if Plaintiff had not waived its claim for injunctive relief, the request comes both too late and too early. To the extent that Plaintiff, in essence, seeks to alter or amend the May 16, 2014, Judgment to include a permanent injunction, the motion is untimely, having been filed more than 28 days after that Judgment was entered. See Fed. R. Civ. P. 59(e). Moreover, although the second jury found that the ad was discriminatory, and although that finding is conclusive and will not be re-tried, to grant permanent injunctive relief prior to issuing a final Judgment in this case only invites an interlocutory appeal and further delays closure in this case, which has been pending for nearly six years.

One final note, which is purely *dicta*, with respect to the merits of Plaintiff's claim for injunctive relief. Citing *Cousins v. Bray*, 297 F. Supp.2d 1027, 1041 (S.D. Ohio 2003), Plaintiff argues that, because 42 U.S.C. § 3613(c)(1) provides for injunctive relief, irreparable harm is presumed. That presumption, however, is a rebuttable one. See *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423-24 (11th Cir. 1984).

In its Decision and Entry Sustaining in Part and Overruling in Part Plaintiff's Amended Motion for Partial New Trial Pursuant to Rule 59, Doc. #174, the Court held that, although an individual who has been a victim of housing discrimination need not establish proximate cause for the harm he or she allegedly suffered, as a prerequisite for recovering money damages, the same was not true for a fair housing organization, which is "one step removed from the discrimination." *Id.* at PageID#7597.

11

In the Court's view, the same distinction can be made concerning the need to establish irreparable harm when seeking injunctive relief. Although it may be presumed that an *individual* who has been the victim of discriminatory housing practices, and whose civil rights have been violated, has suffered an irreparable injury, the same cannot necessarily be said for a fair housing organization. A fair housing organization seeking injunctive relief faces a higher burden in establishing that it has suffered an irreparable injury. Plaintiff has not satisfied that burden, particularly in this case, where there is no evidence that anyone other than Plaintiff's employees viewed the ad, no evidence that the ad was re-posted, and no evidence that anyone else complained about the ad or was discouraged from renting the apartment advertised.

For these reasons, the Court OVERRULES Plaintiff's Motion for a Permanent Injunction.

### IV. Conclusion

For the reasons stated above, the Court OVERRULES Plaintiff's Motion for Declaratory Judgment and Permanent Injunction, Doc. #184.

Date: December 31, 2015

WALTER H. RICE
UNITED STATES DISTRICT JUDGE